# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EDWARD HILL,

                Petitioner,                       Case Number: 2:12-CV-12400

v.                                       HONORABLE PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Edward Hill (Petitioner) is a state inmate currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.  He challenges his convictions for second-degree murder, Mich Comp. Laws § 750.317, and three counts of assault with intent to murder, Mich. Comp. Laws § 750.83, on the ground that the evidence presented was insufficient to support these convictions.[1]  For the reasons that follow, the petition will be denied and the matter dismissed.

### I. Facts

Petitioner's convictions arise from a shooting at the Linwood Express Market in Detroit on April 13, 2006, at approximately 6:00 p.m.  Cornell Waller was fatally shot

---

[1] Petitioner also was convicted of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, but he is not challenging those convictions.

and three people, Angela and Angia Barnes, and Anthony Furlow, suffered gunshot wounds, but survived.

Evidence presented at trial showed that, on the day of the shooting, Petitioner witnessed Anthony Furlow and others fight with Petitioner's brother at approximately 4:40 p.m., in the parking lot of the market. The crowd dispersed when someone fired a gun. Approximately one hour after the fight, Furlow returned and entered the market. Store surveillance cameras showed that, after Furlow entered, Petitioner entered the store carrying a gun. Petitioner pointed the gun at Furlow and fired. Furlow ran, but was struck in the back as he fled. Furlow identified Petitioner as the shooter.

At the time of the shooting, Cornell Waller was standing at the market's front counter. He was struck and killed by a single bullet to his chest. Angela Barnes and her six-year old daughter Angia were standing in line for lottery tickets when they heard gunshots. Angela Barnes was struck by a bullet in her leg. Angia was shot in her stomach and her leg.

Konlay Morrison, a store employee, testified that he was in a back area of the store when the shooting occurred. He moved to a glassed-in area from which he could view the store when he heard the gunshots. He saw Petitioner walking out of the store with a gun in his hand.

The defense presented no witnesses.

## II.  Procedural History

Petitioner was convicted following a bench trial in Wayne Count Circuit Court of

second-degree murder, three counts of assault with intent to murder, felon in possession

of a firearm, and possession of a firearm during the commission of a felony.  On June 22,

2009, he was sentenced to 50 to 80 years in prison for the second-degree murder

conviction, 40 to 70 years in prison for each of the assault with intent to murder

convictions, and two years in prison for the felon-in-possession conviction, all of the

foregoing to be served concurrently with one another and consecutively to two years in

prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, claiming that

insufficient evidence sustained his convictions.  The Michigan Court of Appeals affirmed

the convictions.  *People v. Hill*, No. 292810, 2010 WL 3814881 (Mich. Ct. App. Sept. 30,

2010).  The Michigan Supreme Court denied Petitioner's application for leave to appeal.

 *People v. Hill*, 488 Mich. 1049 (Mich. March 8, 2011).

Petitioner, through counsel, then filed this habeas corpus petition.  He raises the

same sufficiency of the evidence claim raised on direct review.

### III.  Legal Standard

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to
any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim –

(1)      resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as determined
by the Supreme Court of the United States; or

3

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. — , 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "Section 2254(d) reflects the view that habeas corpus is a guard against extreme

4

malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412.  Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).  "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations.  See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th

5

Cir. 1998).

## IV.  Discussion

Petitioner seeks habeas relief on the ground that insufficient evidence was presented to show that he had the required intent to commit second-degree murder or assault with intent to murder.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'"  *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency."  *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)).  First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Brown*, 567 F.3d at 205 (citing *Jackson,* 443 U.S. at 319).  Second, if

6

the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, — U.S. —, 132 S. Ct. 2060, 2065 (2012).

Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *People v. Goecke*, 579 N.W.2d 868, 878 (Mich. 1998). The malice element is satisfied "by showing that the defendant possessed the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with the knowledge that death or great bodily harm would be the probable result. . . . Malice can be inferred from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm." *People v. Djordjevic*, 584 N.W.2d 610, 612 (Mich. Ct. App. 1998) (internal citation omitted).

The Michigan Court of Appeals rejected Petitioner's argument that he acted under the influence of passion and, therefore, did not have the intent necessary to commit second-degree murder or assault with intent to murder. First, the Michigan Court of Appeals considered the evidence supporting the second-degree murder conviction and reasoned, in relevant part:

Defendant's actions meet the elements of second-degree murder. He does

7

not contest three of the four elements of the crime. He agrees that a death occurred due to a gunshot that he fired and that he has offered no legal excuse for shooting the weapon. On appeal, defendant alleges that the prosecution failed to establish the element of malice. In *People v. Goecke*, 457 Mich. 442, 464, 579 N.W.2d 868 (1998), the Court held, "[m]alice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." Under *People v. Warren*, 200 Mich.App. 586, 588, 504 N.W.2d 907 (1993), "[t]he intent to kill may be proven by inference from any facts in evidence." According to Furlow's testimony, defendant saw him in the convenience store and shot him in the back as Furlow attempted to retreat. In addition to Furlow, three other individuals were struck with bullets. After the shooting, defendant left the store. The evidence supports a finding that defendant intended to shoot Furlow when he fired the gunshots that struck Waller. Under the doctrine of transferred intent, defendant's shooting of Furlow with the requisite intent transfers to the shooting of Waller. As has been explained, "the doctrine of transferred intent ... provides: 'Where one intends to assault a certain person, but by mistake or accident assaults a different person, the crime so committed, if any, is the same as though the person originally intended to be assaulted had been assaulted.'" *People v. Hurse*, 152 Mich.App. 811, 813, 394 N.W.2d 119 (1986), quoting Criminal Jury Instruction 17:1:05. Under this doctrine, defendant's intent to shoot Furlow with malice transferred to his accidental shooting of Waller, and thereby satisfies the malice element of second-degree murder.

In addition to intent to kill, defendant's malice is evidenced, at a minimum, by his clear "disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Goecke*, 457 Mich. at 464, 579 N.W.2d 868. At the time of the shooting, the party store was full. Defendant's decision to shoot a weapon in a crowded party store disregarded the likelihood that others would be injured in his attempt to shoot Furlow. Consequently, this evidence satisfies the malice necessary for second-degree murder.

*Hill*, 2010 WL 3814881 at *1-2.

Next, the state court rejected Petitioner's challenge to the sufficiency of the

evidence presented to support the assault with intent to commit murder convictions:

8

Defendant's actions also meet the requirements for all three counts of assault with intent to commit murder.  In *People v. Brown*, 267 Mich.App. 141, 147, 703 N.W.2d 230 (2005), the Court stated, "[t]he elements of assault with intent to commit murder are: '(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder.'" First, Furlow, Angela Barnes, and Angia Barnes were assaulted.  All three sustained gunshot wounds of varying severity.  Second, for all the reasons stated above, defendant had an actual intent to kill. While it appears that neither Angela nor Angia were targets, under the doctrine of transferred intent, defendant's intent to kill Furlow transfers to each of his victims. Third, had defendant been successful, his actions would have constituted murder.

Defendant argues that his actions were out of passion, and therefore, constitute manslaughter, and not second-degree murder.  In *People v. Roper*, 286 Mich.App. 77, 87, 777 N.W.2d 483 (2009), the Court stated that, "[v]oluntary manslaughter requires a showing that (1) defendant killed in the heat of passion, (2) this passion was caused by an adequate provocation, and (3) there was no lapse of time during which a reasonable person could have controlled his passions."  The court "furnishes the standard of what constitutes adequate provocation, i.e., that provocation that would cause a reasonable person to act out of passion rather than reason." *People v. Sullivan*, 231 Mich.App. 510, 518, 586 N.W.2d 578 (1998). While defendant argues that watching his younger brother be beaten is adequate provocation for the shooting, this question is left to the fact finder. *Id.*
Furthermore, under *Roper*, the third element of manslaughter requires that there be no lapse of time during which a reasonable person could have controlled his passions.  While it is difficult to pinpoint exactly how much time must lapse for a reasonable person to control their passions, in *People v. Pouncey*, 437 Mich. 382, 392, 471 N.W.2d 346 (1991), the Court found that sufficient "cooling-off" time had passed when:

> the defendant went into the house, a safe harbor [following the incident].  There was no evidence that the defendant was compelled to go back outside by anyone.  The defendant could have stayed in the house ... Instead, the defendant chose to retrieve the shotgun from a closet in the back of the house and chose to go back outside.

In the present case, defendant dispersed with the group after the fight in the

9

party store parking lot.  An hour and 12 minutes later, he returned to the party store, gun in hand.  As in *Pouncey*, defendant left the scene of the argument, and returned by his own volition.  Enough time had lapsed between the argument and the shooting for a reasonable person to have controlled his passions.  Accordingly, there was sufficient evidence for a rational trier of fact to find defendant guilty beyond a reasonable doubt of second-degree murder and three counts of assault with intent to murder.

*Hill*, 2010 WL 3814881 at *2-3.

"A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)).  "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010), (quoting *Jackson*, 443 U.S. at 326).  Here, there was overwhelming evidence to satisfy each of the elements of the crimes of conviction.  Petitioner's identity, his intent toward Furlow, and, his transferred intent toward the other three victims, were all supported by sufficient testimony for a reasonable trier of fact to find Petitioner's guilt established beyond a reasonable doubt.  According the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to sustain Petitioner's convictions did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

10

Petitioner is not entitled to federal habeas corpus relief.

## V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the claims in the habeas petition do not warrant relief.  Therefore, the Court denies a certificate of appealability.

## VI.  Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 19, 2014

11

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 19, 2014.


s/Deborah Tofil_____
Case Manager